A92A1807. EDMOND et al. v. ROBERSON.
(427 SE2d 74)

POPE, Chief Judge.

This appeal arises from a collision which occurred at the intersection of Midway Road and Memorial Drive in DeKalb County on or about June 14, 1989. At the time of the collision, it was raining and the traffic light at that intersection was malfunctioning. Plaintiffs Terry Edmond (driver) and his wife Sandra B. Edmond (passenger)[1] were traveling on Memorial Drive and defendant Priscilla Roberson was crossing Memorial Drive on Midway Road at the time of the collision. Defendant was charged at the scene of the accident with a violation of OCGA § 40-6-70, failure to yield the right of way. She pled guilty to that charge. At trial a certified copy of her guilty plea was admitted into evidence, as were certain admissions of the defendant that she was at fault.

During the trial the plaintiffs moved for a directed verdict as to liability. The trial court granted the motion only as it concerned plaintiff Sandra B. Edmond. The jury returned a verdict in favor of her in the amount of $750, but found for the defendant with regard to plaintiffs Terrence Edmond and State Farm. Plaintiffs Terrence Edmond and State Farm moved for a new trial and State Farm also moved for j.n.o.v. The trial court denied those motions and plaintiffs Terrence Edmond and State Farm appeal.

1. In their first enumeration of error, plaintiffs contend the trial

---

[1] The Edmonds' insurer State Farm Mutual Automobile Insurance Company is also a plaintiff in this action.

court committed reversible error by refusing to charge on OCGA § 40-6-70, the Code section defendant was charged with violating and to which she pled guilty. That Code section provides in pertinent part: "When two vehicles approach or enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, provided that when a vehicle approaches or enters an intersection with no stop signs or other traffic-control devices from a highway that terminates at the intersection, the driver of that vehicle shall yield the right of way to the other vehicle, whether the latter vehicle be on his right or left." The trial court held that Code section was not applicable to this case because a traffic signal was located at the intersection where the collision occurred, even though the signal was not operative. We hold OCGA § 40-6-70 is applicable in this case. " 'It is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature.' [Cit.]" *State of Ga. v. Livingston*, 222 Ga. 441, 442-443 (150 SE2d 648) (1966). It is unreasonable to presume the legislature intended to treat an intersection at which a traffic light is present but not operative differently than an unmarked intersection. A driver is required by law to obey the "instructions" of a traffic-control device. OCGA § 40-6-20 (a). When a traffic signal is not operating, however, it gives no instructions and the intersection is effectively uncontrolled. The motorist must then proceed pursuant to the Uniform Rules of the Road applicable to uncontrolled intersections, including the requirement of OCGA § 40-6-70 that when approaching an uncontrolled intersection the vehicle on the left shall yield the right of way to the vehicle on the right.

"In order for a refusal to charge to be error, the requests must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge." (Citations and punctuation omitted.) *Americani v. Sidky*, 199 Ga. App. 823, 824 (3) (406 SE2d 259) (1991). As the trial court noted in its order denying the plaintiffs' motion for new trial, plaintiffs' requested charge correctly quotes OCGA § 40-6-70. As we have held that Code section is applicable to the factual situation presented in this case, the trial court erred by refusing to give plaintiffs' requested charge. Under the circumstances of this case, we further hold the trial court's refusal to give this requested charge was prejudicial error entitling plaintiffs to a new trial. See *Andrews v. Buckner*, 143 Ga. App. 862 (1) (240 SE2d 266) (1977).

2. The trial court also erred in refusing to charge the jury on negligence per se. The evidence presented at trial showed defendant violated OCGA § 40-6-70. "It is well settled that the violation of a state

statute constitutes negligence as a matter of law. . . ." *Green v. Gaydon*, 174 Ga. App. 796, 798 (3) (331 SE2d 106) (1985).

3. For the reasons set forth in Divisions 1 and 2 above, we hold the trial court erred by failing to grant plaintiffs' motion for new trial.

4. We have examined the plaintiffs' remaining enumerations of error and find them to be without merit.

*Judgment reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED JANUARY 14, 1993.

*Hughes & Gibson, Gilchrist M. Gibson*, for appellants.

*Crim & Bassler, Joseph M. Murphey, Kimberly L. Schwartz*, for appellee.