A97A1793. BROWN et al. v. HINES et al.
(495 SE2d 592)

POPE, Presiding Judge.

On June 7, 1992, Mary Brown and a passenger were traveling on Mallard Pond Road in Bulloch County, Georgia. Although a stop sign normally controls traffic on Mallard Pond Road where it intersects Middleground Road, on that day the sign had been removed. Brown proceeded through the intersection without stopping and was struck by a car driven by Joe Hines. Brown later died as the result of injuries she received in the wreck, and her heirs (hereinafter "plaintiffs") brought suit against Hines, his father, Bulloch County, the Sheriff of Bulloch County, the Bulloch County Sheriff's Department, Thurman Fail, individually and as foreman of the Bulloch County Correctional Institute (BCCI) and other unnamed "John Doe" defendants. The trial court entered an order dismissing the John Doe defendants and granted summary judgment to all named defendants. Plaintiffs appeal, arguing the trial court erred in granting summary judgment to Thurman Fail and Hines.

1. Plaintiffs first challenge the grant of summary judgment to Thurman Fail, the officer of the BCCI who had the duty of replacing missing stop signs. In *Nelson v. Spalding County*, 249 Ga. 334, 336 (290 SE2d 915) (1982), our Supreme Court held that the duty to replace stop signs is ministerial, once the agency or official charged with replacing the sign receives notice that the sign is missing. The trial court in this case found there was no evidence that Fail or the BCCI received notice of the missing stop sign. On appeal, the plaintiffs point to the deposition testimony of a nearby resident that he reported the missing stop sign to the Bulloch County Sheriff's Department and the local office of the state patrol and contend that

this testimony creates an inference that someone from those entities would have notified the BCCI of the missing sign. But Fail testified that neither he nor anyone at the BCCI received notice of the missing sign until after the accident, and no direct evidence was presented to contradict his testimony. "An inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility." (Citations and punctuation omitted.) *Derry v. Clements*, 197 Ga. App. 173, 174 (397 SE2d 594) (1990). "In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." (Citations and punctuation omitted.) *Adams v. Servpro of Macon*, 189 Ga. App. 438 (375 SE2d 894) (1988). Cf. *Nelson*, 249 Ga. at 336 (in which evidence was presented that a report of the missing stop sign had been given directly to the agency charged with replacing the sign). Plaintiffs' first enumeration of error is without merit.

2. Citing *Edmond v. Robertson*, 207 Ga. App. 101 (427 SE2d 74) (1993), plaintiffs argue the trial court erred in granting summary judgment to defendant Hines. *Edmond* involved a malfunctioning but present traffic light at an intersection, and the defendant in that case pled guilty to violating OCGA § 40-6-70, which establishes the right of way at uncontrolled intersections. But, contrary to plaintiffs' assertions on appeal, we do not believe the rationale of *Edmond* is applicable here. Travelers coming upon an intersection with a malfunctioning traffic signal should know and appreciate that they cannot rely on the malfunctioning traffic light for instructions on how to proceed through the intersection. But motorists coming upon an intersection with a missing stop sign would not necessarily appreciate that fact. Here the evidence was that travelers along Middleground Road had always had the right of way. In order to hold that a fact question exists as to who had the right of way at the intersection, we would in effect be saying that travelers on Middleground Road should somehow discern that the stop sign controlling traffic *on the intersecting road* was suddenly missing, and that they were entering an uncontrolled intersection. And although the travelers on Middleground Road did not have any clue that the stop sign was missing, there was a "stop ahead" sign on Mallard Pond Road, which Brown and other travelers passed before coming to the intersection. To let a jury decide if Hines was negligent in proceeding through the intersection under these circumstances simply defies logic and reason. What happened here was tragic, but that does not mean it was the result of negligence or that either driver was at fault. The trial court did not err in granting summary judgment in this case.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge*

*Harold R. Banke concur.*

DECIDED JANUARY 8, 1998.

*Edenfield & Cox, Michael J. Classens,* for appellants.
*Barnhart, O'Quinn & Williams, Terry E. Williams, Kristina H. Blum, Barrow, Sims, Morrow, Lee & Gardner, R. Stephen Sims, Franklin, Taulbee, Rushing, Bunce & Brogdon, James B. Franklin, Brown & Livingston, Jeffrey S. Akins,* for appellees.