# 43437. THE STATE v. RUSSELL.
### (350 SE2d 430)

WELTNER, Justice.

Consuelo Foster Russell was indicted for conversion of leased personal property pursuant to OCGA § 16-8-19. She leased certain video cassette tapes that, according to the lessor, she did not return. On her motion, the trial court dismissed the indictment, finding OCGA § 16-8-19 unconstitutional. The state appeals.

1. The state contends that the trial court erred in holding that the statute creates a mandatory presumption of intent. OCGA § 16-8-19 (a) defines the crime of conversion of leased personal property. OCGA § 16-8-19 (b) provides that "an intentional conversion shall be presumed to have occurred whenever a person to whom personal property has been rented or leased shall knowingly and in violation of his agreement . . . (3) [f]ail or refuse without a lawful reason to surrender the property or any part of it to the owner or lessor upon demand following the expiration or lawful termination of the agreement." The trial court held that the statute relieves the state of the affirmative burden of proving an essential element of the crime of conversion, relying on the authority of *Mullaney v. Wilbur*, 421 U. S. 684 (95 SC 1881, 44 LE2d 508) (1975); *County Court of Ulster v. Allen*, 442 U. S. 140 (99 SC 2213, 60 LE2d 777) (1979); *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979); *Francis v. Franklin*, 471 U. S. __ (105 SC 1965, 85 LE2d 344) (1985); and *Miller v. Norvell*, 775 F2d 1572 (11th Cir. 1985).

2. We agree that OCGA § 16-8-19 (b) creates an impermissible presumption. Specifically, under subparagraph (3), a lessee of personal property might "knowingly and in violation of his agreement" fail or refuse to return property, upon demand, following the expiration or lawful termination of the agreement — because the property has been lost, or stolen.

That cannot amount to criminal conversion. Yet, under § 16-8-19 (b), conviction would be required under the presumption.

3. The invalidity of subsection (b), supra, however, does not mean that the statute describing the offense of conversion of leased personal property is, in like manner, invalid.

The elements of that statute are as follows: "(a) A person commits the offense of conversion of leased personal property when he converts to his own use any personal property which has been delivered under the terms of a lease or rental agreement in violation of the agreement and to the damage of the owner or lessor."

It will be seen that no such infirmity resides within the definition of the offense.

4. One matter remains, which is to observe that trial courts need to frame appropriate charges (within the usual bounds of the circum-

stantial evidence rule where applicable) to assist the jury in understanding the term "convert" as used in the statute. These must, of course, be in the terms of permissible inference, rather than of mandatory presumption.[1]

*Judgment reversed. All the Justices concur, except Smith and Gregory, JJ., who dissent, and Bell, J., who concurs in the judgment only.*

GREGORY, Justice, dissenting.

This case must be affirmed because it not only presents a constitutional facial attack against OCGA § 16-8-19 (a) (3), but also an attack against the statute as applied to the facts of this case. These parties stipulated the facts to the trial court. They were in agreement on all material issues except one. The State's witnesses would testify at trial that the tapes were not returned. The defendant would testify she returned the tapes. The prosecutor made it abundantly clear to the trial judge that he could produce no evidence of an actual conversion and relied solely on the presumption of OCGA § 16-8-19 (a) (3) to make out a case.[*] Therefore, this is an "as applied" constitutional

---

[1] We do not disagree with the disent as to the invalidity of the statutory presumption. We do not, however, consider comments of counsel, as indicated in the dissent, to be conclusive as to the evidence which might be adduced at trial.

[*] TR at p. 3:

"MR. ROBERTS: Yes, sir. We've talked with all of the people that work at the store that worked there during that period of time, none of whom can recall the tapes being returned. Our evidence would show that — and I think the defendant would admit — that on two occasions she did rent tapes and that she had those in her possession and they became overdue. She came back into the store on a third occasion to rent some more tapes at which time the store manager realized that his records indicated tapes had not been returned at which time she was confronted and she claimed that she had returned the tapes and our only evidence would show that she did rent them but what happened to them after that, we don't know, other than we are presuming that they were converted to her own use because we have nothing to indicate from the rental company that the tapes were ever returned. That's our position.

"THE COURT: You have no evidence that she in fact converted this, except from the presumption because the tapes had never been returned.

"MR. ROBERTS: Right. We don't have any evidence to show that she disposed of them or converted them or pawned them or anything of that nature. All we can show is that she rented them and that we contend she did not return them and that by virtue of renting them and not returning them we are presuming she's converted them to her own use.

. . .

"THE COURT: All right. Mrs. Tinkler, is there anything further you wish to say?

"MRS. TINKLER: Your Honor, I would say that the defendant's contention is that yes, she did rent — I believe she is indicted for having rented seven tapes on two different occasions. Our receipt shows she rented six on two different occasions. However, she did have possession under the rental or lease agreement of two separate batches of tapes and it would be her position that she did in fact return them. She has not converted them. The only thing I would add at this hearing is that the police upon arresting her on September 26th did search her house, a consent search, and the tapes were not found in her possession on that date."

attack. The parties deliberately put the issue of the constitutionality of this statute as applied to the facts in this case to the trial court. The trial judge ruled the presumption unconstitutional and I agree.

These parties have litigated the case as if it had gone to the jury with the presumption as evidence of the alleged conversion. I view the issue as follows. Validity of a presumption in a criminal statute depends in part upon the strength of the connection between the basic fact and the ultimate fact. *County Court of Ulster v. Allen*, 442 U. S. 140, 157 (99 SC 2213, 60 LE2d 777) (1979); *Williamson v. State*, 248 Ga. 47, 50 (281 SE2d 512) (1981). If the ultimate fact is not rationally related to the basic fact, a presumption does not meet the due process requirement. It fails to meet the demands of due process when used in a statute to establish an essential element of the crime "unless it can at least be said with substantial assurance that the presumed fact [ultimate fact] is more likely than not to flow from the proved fact [basic fact] on which it is made to depend." *Leary v. United States*, 395 U. S. 6, 36 (89 SC 1532, 23 LE2d 57) (1969).

OCGA § 16-8-19 provides:

"(a) A person commits the offense of conversion of leased personal property when he converts to his own use any personal property which has been delivered under the terms of a lease or rental agreement in violation of the agreement and to the damage of the owner or lessor.

"(b) For the purpose of the Code section, an intentional conversion shall be presumed to have occurred whenever a person to whom personal property has been rented or leased shall knowingly and in violation of his agreement:

. . .

"(3) Fail or refuse without a lawful reason to surrender the property or any part of it to the owner or lessor upon demand following the expiration or lawful termination of the agreement."

Intentional conversion is an element of the crime described in the statute. What the statute allows is the proof of this element of the crime, the ultimate fact in terms of the presumption discussion above, by proof of certain basic facts, to-wit: The lessee (1) knowingly fails to timely return the item, (2) in violation of the agreement, (3) without a lawful reason, where (4) demand has been made. If these four basic facts are proved, does it follow that it is more likely than not that the lessee intended to convert the item? Such proof just as likely shows the lessee simply lost the item. If this is the case he then knows it has not been timely returned. Surely this violates any likely rental agreement and presents no lawful reason to avoid civil liability. A demand by lessor could not possibly cause lessee to produce that which has been lost. Suppose the item has been stolen by a third party, destroyed in a fire, loaned to and misplaced by a friend, returned to the

wrong lessor, or any one of many other common occurrences. Such occurrences comprise ultimate facts which might be drawn from the basic facts of the statute, and to my mind mean one cannot say it is more likely than not the lessee intended a conversion. I would hold the statute violates due process as applied to the stipulated facts.

I am authorized to state that Justice Smith joins in this dissent.

DECIDED DECEMBER 2, 1986.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellant.
*Virginia W. Tinkler,* for appellee.