A89A0691. SHAW v. McDONALD'S RESTAURANTS OF GEORGIA, INC.
(382 SE2d 632)

SOGNIER, Judge.

Doris Faye Shaw brought suit against McDonald's Restaurants of Georgia, Inc. (McDonald's) seeking damages for injuries she sustained when she slipped and fell as she was entering a restaurant operated by McDonald's in Fort Oglethorpe, Georgia. The jury returned a verdict in favor of McDonald's, and Shaw appeals from the judgment entered thereon.

The record reveals that on October 9, 1985, at approximately 5:00 p.m. appellant parked her car in appellee's parking lot and walked through a canopied area normally used as a drive-through for automobiles to approach the front door of the restaurant. On that day the drive-through was closed because the parking lot was being resurfaced. While walking through the drive-through area, appellant slipped on what she alleged was an unseen puddle of grease or motor oil, and injured her knee. The only significant factual dispute at trial concerned whether cautionary flags and rope placed around the drive-through area as a barrier by employees of the independent company working on the parking lot were in place at the time appellant crossed the area.

Appellant testified the ropes and flags were not in place, but were lying on the ground, while employees of the company working on the parking lot testified the ropes were in place, having been looped around orange safety cones. One of those employees testified that the string of flags "would either have to be stepped over or moved and stepped through" in order to traverse the drive-through. Kathy Brown, the restaurant manager on the day in question, testified that she started her shift about 4:00 p.m. Because she was closing the store that night and was therefore required to park as close to the front door as possible, she had to cross the drive-through, and she remembered the rope barrier was in place at that time because she "had to step over the flags to get in." Brown further testified she checked the drive-through about 30 minutes after appellant fell, and the rope and flag barrier was still up.

1. Appellant contends the trial court erred by instructing the jury on the standard of care owed by an owner of premises to a licensee, when all the evidence demonstrated that appellant was not a licensee but an invitee. We do not agree. Because of the conflicting testimony regarding the flag and rope barrier, appellant's status was a question for the jury, which would have been authorized under the evidence presented to decide that at the time she fell, appellant was either a licensee or an invitee. There is little question that when she parked her car in appellee's lot, intending to enter the restaurant and purchase a meal, appellant was an invitee. *Coffer v. Bradshaw*, 46 Ga. App. 143, 148 (167 SE 119) (1932). However, because appellant's fall occurred in an area which the jury would have been authorized to conclude was off limits to patrons of the restaurant, the evidence supported a conclusion that appellant had exceeded the scope of her invitation, thus transforming her status from invitee to licensee. See *Augusta Amusements v. Powell*, 93 Ga. App. 752, 756 (92 SE2d 720) (1956); see also *Bronesky v. Estech, Inc.*, 170 Ga. App. 724-725 (318 SE2d 194) (1984). Accordingly, the trial court did not err by charging the jury on the duty owed to licensees.

2. Appellant also enumerates as error the trial court's failure to give four of her requested charges. Our review of the charge as a whole reveals that the substance of appellant's requests to charge 1, covering the definition of an invitee, 2, regarding the duty owed by the property owner to one who is an invitee, and 6, regarding an invitee's duty to observe and discover patent but not latent defects, was amply covered by the trial court, although not in the same language requested by appellant. Appellant's request to charge 5, which sought to instruct the jury that a "slight deviation . . . from the exact route that [appellant] would ordinarily have taken, entering on or leaving the [appellee's] premises" would not change appellant's status as an invitee, was both not adjusted to the evidence and also argumentative

in assuming that appellant's walk across the drive-through was but a "slight deviation" when the conflicting evidence as to whether that area was effectively barricaded to prevent customers from entering created a jury question. A requested charge is properly refused when "the principle involved [is] substantially covered in the court's general charge, the requested language [is] not adjusted to the evidence, or the requested language [is] argumentative. [Cit.]" *Spicewood, Inc. v. Dykes Paving &c. Co.*, 185 Ga. App. 397, 399 (4) (364 SE2d 298) (1987). Accordingly, the trial court did not err by refusing to give these requested charges.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 5, 1989 —
REHEARING DENIED MAY 17, 1989 — 

*John W. Davis*, for appellant.
*Richard K. Murray, Cynthia N. Johnson, L. Hugh Kemp*, for appellee.