A96A1477. CORNELIUS v. AUTO ANALYST, INC.
(476 SE2d 9)

SMITH, Judge.

Auto Analyst, Inc. brought this action against James Cornelius on an unsecured promissory note. Cornelius answered pro se and counterclaimed. He later sought to add various counterclaims and to bring in an additional party. Auto Analyst moved for summary judgment on its claim and the original counterclaims and to strike the additional counterclaims. The trial court granted these motions and

denied Cornelius's discovery-related motion as moot. Cornelius brings this pro se appeal from the grant of Auto Analyst's motions and the denial of his discovery motion.

The record reveals that Auto Analyst obtains loans for persons desiring to purchase used and repossessed vehicles. Many of its customers are credit risks who cannot obtain financing from conventional sources. It obtains the customer's credit history and evaluates the risk for the prospective lender. Cornelius was interested in purchasing a used car from Fidelity Financial Services, and at Auto Analyst's request, he filled out and signed a credit application; he was evaluated as an acceptable risk.

Cornelius lacked $300 of the down payment required by Fidelity, and Auto Analyst agreed to lend that amount to him. Cornelius executed a promissory note for that amount, which could be repaid in 30 days without interest; the note carried an interest rate of 21 percent if not paid in 30 days. Cornelius also purchased an extended warranty service agreement offered by Auto Analyst for $999. The purchase price for this service agreement was added to the purchase price of the car and financed by Fidelity, which also financed the purchase of the car. When the car loan was closed, Fidelity disbursed $999 to Auto Analyst for the service agreement.

Cornelius defaulted on the $300 note, and when payment was not forthcoming after written demand, Auto Analyst filed this action seeking principal, interest, attorney fees, and costs. In his answer, Cornelius contended that the service agreement was worthless and had been procured by fraud in the inducement; he sought its cancellation and return of the $999. After being served with Cornelius's answer, Auto Analyst cancelled the agreement and returned the $999 to Fidelity, who had paid it.

1. Cornelius contends the note is usurious, and Auto Analyst concedes that he is correct. OCGA § 7-4-2 (a) (2) permits a maximum rate of interest of 16 percent per annum on loans with a principal amount of $3,000 or less, and it is undisputed that the note called for an interest rate of 21 percent. Contrary to Cornelius's argument, however, the penalty for this violation of OCGA § 7-4-2 is not forfeiture of the principal. OCGA § 7-4-10 (a) provides that when OCGA § 7-4-2 is violated, only interest is forfeited. *Pave Way Constr. Co. v. Parrish*, 187 Ga. App. 428 (370 SE2d 495) (1988).

Auto Analyst prayed for payment of interest, and the trial court's grant of summary judgment incorrectly awarded that interest. That portion of the judgment awarding interest on the debt must therefore be reversed.

Cornelius also argues that the trial court erred in failing to consider that the note shows on its face that it was paid. This argument has no merit.

Nothing in the record shows that the court did not consider the note, including all notations thereon. The note includes on its face columns designated "date," "payment," and "balance." The entries in these columns are ambiguous at best. They could indicate, as urged by Cornelius, that a balance of $300 existed on 3-22-94 but was paid on 4-23-94; they could also indicate, as argued by Auto Analyst, that a balance of $300 was created on 3-22-94 and was *to be paid* on 4-23-94. The interpretation of the language on the note was a matter of law for the court. *Graphic Prep v. Graphcom*, 206 Ga. App. 689, 691 (1) (426 SE2d 183) (1992).

The evidence presented by Auto Analyst showed that Cornelius did not pay the note. Cornelius did not dispute this below and does not dispute it on appeal. The trial court was authorized, therefore, to accept Auto Analyst's interpretation of the notations on the note and to find that the note had not been paid.

2. In four enumerations, Cornelius contends the trial court erred in granting summary judgment to Auto Analyst on his original counterclaims.

(a) He asserts that the extended warranty service agreement was worthless because it simply duplicated the manufacturer's warranty, that Auto Analyst's representations that it had value constituted fraud in the inducement, and that the trial court erred in deciding as a matter of law his original counterclaim based on fraud.

Auto Analyst presented evidence of the agreement's value, showing that the service agreement did not duplicate the manufacturer's warranty because it added approximately 8,000 miles to the manufacturer's warranty. The trial court correctly noted that Cornelius presented no evidence rebutting this showing.

Moreover, even if Auto Analyst's representations had constituted fraud in the inducement, Cornelius was required to elect between rescinding the contract or affirming it and suing for damages. *Rivers v. BMW of North America*, 214 Ga. App. 880, 881 (1) (449 SE2d 337) (1994). He clearly chose to rescind, and Auto Analyst did as Cornelius requested and cancelled the contract. The trial court correctly concluded, therefore, that no issue remained for jury determination regarding this claim.

(b) Cornelius also maintains that the $999 purchase price for the extended warranty service agreement should have been returned to him. We do not agree.

First, Auto Analyst was not paid by Cornelius for this agreement; Fidelity paid the purchase price. Auto Analyst correctly returned the purchase price to the payor when the contract was cancelled. Fidelity reduced the principal and interest on Cornelius's loan accordingly and lowered his monthly payments.

Second, the agreement itself provides on its face that "in the

event of termination, any unpaid proceed will become the property of Fidelity Financial Services, Inc." Cornelius's claim to the $999 is meritless.

(c) Auto Analyst was not a party to the purchase and sale of the car. We therefore agree with the trial court that no cause of action exists against Auto Analyst for reimbursement of Cornelius's costs for repairing allegedly defective brakes.[1]

(d) Cornelius contends the court erred in finding that Auto Analyst's actions did "not reach the level necessary for a finding of intentional infliction of emotional distress," as alleged in his original counterclaim. This claim was based upon a letter sent to him by Auto Analyst threatening him with arrest if he did not pay.

To recover on his counterclaim for intentional infliction of emotional distress, Cornelius was required to show intentional or reckless conduct that was "extreme and outrageous," causing "severe" emotional distress. *Phillips v. Pacific & Southern Co.*, 215 Ga. App. 513, 515 (451 SE2d 100) (1994). The conduct must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yarbrough v. SAS Systems*, 204 Ga. App. 428, 429 (3) (419 SE2d 507) (1992). This Court has held that threatening language does not rise to such levels. *Moses v. Prudential Ins. Co.*, 187 Ga. App. 222 (369 SE2d 541) (1988).[2] The trial court did not err in finding no cause of action for intentional infliction of emotional distress.

3. Cornelius challenges the trial court's ruling that he had not timely obtained leave of court to file his additional counterclaims. Although Cornelius is correct in stating that he filed a motion seeking such leave, he did not *obtain* leave; no ruling on his motion was made before he simply filed the additional counterclaims. OCGA § 9-11-13 (a) provides that a defendant must state all counterclaims at the time he answers. Filing an omitted counterclaim requires leave of court. OCGA § 9-11-13 (f). This subsection applies equally to permissive and to compulsory counterclaims. *Kitchens v. Lowe*, 139 Ga. App.

---

[1] The trial court also correctly noted that the car was sold "AS IS" and without guaranty.

[2] We do not approve the practice used by Auto Analyst in its letter of threatening criminal action to collect a civil debt. When used by an attorney, such a practice violates the Canons of Ethics, Code of Professional Responsibility, EC 7-21. DR 7-105 prohibits attorneys from threatening to bring criminal charges to gain an advantage in a civil matter. See *Laster v. Star Rental*, 190 Ga. App. 1, 3-4 (378 SE2d 320) (1989) (physical precedent only). But the letter in issue was not written by an attorney, and here, as in *Laster*, the record does not suggest that an attorney participated in or authorized the conduct. Moreover, even had an attorney done so, "an alleged violation of a rule of the Code of Professional Responsibility, standing alone, cannot serve as a legal basis to support [a] civil action seeking money damages based on an intentional infliction of emotional distress." (Citations and punctuation omitted.) *East River Savings Bank v. Steele*, 169 Ga. App. 9, 11-12 (311 SE2d 189) (1983).

526, 527 (1) (228 SE2d 923) (1976). It was Cornelius's duty to obtain a ruling on his motion before proceeding. *Stagg v. Wang*, 185 Ga. App. 310, 312 (3) (363 SE2d 808) (1987). He did not do so and proceeded without leave of court; the court did not err in dismissing the additional counterclaims.

4. Because all claims have been decided, it follows that the trial court also was correct in ruling that Cornelius's discovery motion was moot.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Andrews, J., concur.*

DECIDED AUGUST 28, 1996 —
RECONSIDERATION DENIED SEPTEMBER 16, 1996 — 

James Cornelius, *pro se.*
*Day & Royal, Charles T. Day III, Robert H. Walling*, for appellee.