## A02A0277. CALABRO v. LIBERTY MUTUAL FIRE INSURANCE COMPANY.

### (557 SE2d 427)

ELDRIDGE, Judge.

Appellee-defendant Liberty Mutual Fire Insurance Company brought the instant petition for declaratory judgment, as amended, seeking the direction of the Superior Court of Fulton County as to its obligation to pay appellant-plaintiff Michael M. Calabro's insurance claim for loss of a diamond engagement ring he had given his former wife, Christine Ramirez Calabro, valued at $30,000. Calabro answered and counterclaimed for insurance benefits, bad faith damages, and attorney fees under OCGA § 33-4-6. The record shows that Calabro had been awarded the ring upon the final judgment and decree of divorce of the Fulton County Superior Court by which he and Ms. Calabro were earlier divorced. Ms. Calabro, having sold the ring to her father to pay attorney fees approximately six months before the entry of the final judgment and decree of divorce, thereafter failed to comply with the superior court's contempt order to deliver the ring to Calabro. Calabro then filed a property loss claim for the loss of the ring under his Liberty Mutual homeowner's insurance policy. The parties thereafter filed cross-motions for summary judgment. Liberty Mutual argues entitlement to summary judgment in that there was no evidence of direct loss, the loss of the ring as fortuitous, and Ms. Calabro's failure to return the ring amounting to no more than breach of contract.[1] Calabro sought summary judgment as he had in filing his insurance claim, arguing the ring as a covered loss in that Ms. Calabro committed theft by conversion under OCGA § 16-8-4[2] in selling it to her father to cover her attorney fees in the divorce action.[3] Calabro appeals from the superior court's denial of summary judgment for him and its grant of summary judgment for Liberty Mutual upon the finding that the ring's loss was not accidental. We agree and affirm.

---

[1] It is undisputed that Calabro gave the ring to Ms. Calabro upon an agreement whereby the ring was to be returned to Calabro in the event of divorce without children born to the marriage.

[2] OCGA § 16-8-4 (a) pertinently provides:

A person commits the offense of theft by conversion when, having lawfully obtained funds or other property of another including, but not limited to, leased or rented personal property, under an agreement or other known legal obligation to make a specified application of such funds or a specified disposition of such property, he [or she] knowingly converts the funds or property to his own use in violation of the agreement or legal obligation. This Code section applies whether the application or disposition is to be made from the funds or property of another or from the accused's own funds or property in equivalent amount when the agreement contemplates that the accused may deal with the funds or property of another as his [or her] own.

[3] The father further sold the ring to an unnamed third party.

Upon the appeal of a motion for summary judgment, we review the grant of summary judgment de novo to determine whether any genuine issue of material fact exists for jury determination. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). Summary judgment is proper where the moving party is able to show that no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. OCGA § 9-11-56 (c). A defendant meets this burden by "showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . All of the other disputes of fact are rendered immaterial." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

"To establish a prima facie case on a claim under a policy of insurance the insured must show the occurrence was within the risk insured against. [Cits.]" *Allstate Ins. Co. v. Grayes*, 216 Ga. App. 419, 420 (1) (454 SE2d 616) (1995).

> In construing an insurance contract, a court must consider [the insurance contract] as a whole, giv[ing] effect to each provision, and interpret each provision to harmonize with each other. The policy should be read as a layman would read it[, and] exclusions [must] be strictly construed against the insurer and in favor of coverage.

(Footnotes omitted.) *York Ins. Co. v. Williams Seafood &c.*, 273 Ga. 710, 712 (1) (544 SE2d 156) (2001).

The scheduled personal property endorsement under which Calabro insured the ring provided coverage "against risks of direct loss to property described only if that loss is a physical loss to property[,]" subject to four exclusions not here applicable.[4] While the policy did not define the meaning of "loss," it did define "property damage" as inclusive of the "loss of use of tangible personal property" and further required that property damage result from an accidental occurrence during the policy period. Neither did the policy define "accident"; however, in Georgia "accident" is defined as it is commonly understood: "An accident refers to an unexpected happening rather than one occurring through intention or design. Acts could not be unexpected unless they were accidental." (Citation and punctuation omitted.) *Southern Guaranty Ins. Co. v. Saxon*, 190 Ga. App. 652-653 (379 SE2d 577) (1989); see also OCGA § 1-3-3 (2) (" 'Accident' means an event which takes place without one's foresight or expecta-

---

[4] In general the exclusions were for wear and tear, insects or vermin, war, and nuclear discharge or other hazard.

tion or design."). Thus, reading the policy as a whole and giving such language its ordinary meaning, it is plain that the coverage provided to Calabro on the ring was for actual damage to the ring or the ring's total loss arising out of accident as an unplanned, purely fortuitous event. Manifestly, the policy did not provide Calabro with coverage for loss of the ring in the nature of theft by conversion, a specific intent crime. *Laster v. Star Rental*, 190 Ga. App. 1, 4 (378 SE2d 320) (1989) (Deen, P. J., concurring specially). There, in fact, is but a single showing of record regarding the ring's loss, and that is that Ms. Calabro "lost" the ring to her former husband by the superior court's final judgment and decree of divorce. Accordingly, the superior court's grant of summary judgment to Liberty Mutual in the instant case was proper. *Lau's Corp. v. Haskins*, supra.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 29, 2001 — 
RECONSIDERATION DENIED DECEMBER 19, 2001 — ▮▮▮▮▮▮▮▮

*Hicks, Casey & Barber, Mark A. Barber*, for appellant.
*Michael M. Calabro*, pro se.
*Drew, Eckl & Farnham, Harold M. Bagley, Karen K. Karabinos*, for appellee.