A04A0193. LOWERY v. ATLANTA HEART ASSOCIATES, P.C.
(597 SE2d 494)

ANDREWS, Presiding Judge.

David E. Lowery brought a medical malpractice action against Atlanta Heart Associates, P.C. (Atlanta Heart) alleging that he was injured by the negligent acts or omissions of medical doctors employed by Atlanta Heart. Lowery appeals from the trial court's order granting Atlanta Heart's motion for dismissal of the action on the basis that he failed to timely file an expert affidavit with the complaint as required by OCGA § 9-11-9.1. For the following reasons, we affirm.

1. In OCGA § 9-11-9.1, the legislature set forth requirements for the filing of an expert affidavit with the complaint in certain professional malpractice actions. Lowery alleged in his medical malpractice complaint against Atlanta Heart that no affidavit was filed with the complaint pursuant to the provisions of OCGA § 9-11-9.1 because the period of limitation applicable to the claim would expire within ten days, and that, because of the time constraints, the affidavit of an expert could not be prepared. He further alleged pursuant to OCGA § 9-11-9.1 (b) that he would file an expert affidavit within 45 days. In cases where the plaintiff alleges in the complaint that the affidavit

---

was not filed with the complaint because of these time constraints, OCGA § 9-11-9.1 (b) provides that:

> [T]he plaintiff shall have 45 days after the filing of the complaint to supplement the pleading with the affidavit. The trial court may, on motion, after hearing and for good cause extend such time as it shall determine justice requires. If an affidavit is not filed within the period specified in this subsection or as extended by the trial court and the defendant against whom an affidavit should have been filed alleges, by motion to dismiss filed contemporaneously with its initial responsive pleading that the plaintiff has failed to file the requisite affidavit, the complaint is subject to dismissal for failure to state a claim.

On the forty-fifth day after filing the complaint, Lowery filed a motion requesting the trial court to extend the 45-day period for filing an expert affidavit. On the fifty-ninth day after filing the complaint, Lowery filed an expert affidavit without obtaining any ruling from the trial court on his motion to extend the 45-day filing period. The trial court subsequently granted Atlanta Heart's motion to dismiss (filed contemporaneously with its initial responsive pleading) on the basis that the expert affidavit was not timely filed as required by OCGA § 9-11-9.1 because it was not filed within 45 days after the complaint was filed, and no extension of the 45-day period had been granted.

On appeal, Lowery claims the trial court erred by granting the motion to dismiss because (1) the trial court should not have ruled on Atlanta Heart's motion to dismiss before ruling on his motion to extend the time to file the expert affidavit, and (2) the trial court abused its discretion by failing to grant his motion to extend the time for filing the expert affidavit.

Lowery's position in the trial court and on appeal is that OCGA § 9-11-9.1 required him to file an expert affidavit with his medical malpractice action against Atlanta Heart. Atlanta Heart's motion to dismiss the action and the trial court's order granting the motion take the same position. Assuming without deciding that Lowery was required to file an expert affidavit pursuant to OCGA § 9-11-9.1, we conclude the trial court correctly found that the affidavit was not timely filed and correctly dismissed the action. There is no evidence in the record that the trial court refused to rule on Lowery's motion to extend the 45-day period for filing the affidavit. Rather, the record shows that Lowery simply failed to obtain a ruling on the motion and filed the affidavit after the 45-day period had expired. Under OCGA § 9-11-9.1 (b), an affidavit may be timely filed after expiration of the

initial 45-day period only upon a ruling by the trial court extending the 45-day period "on motion, after hearing and for good cause." Lowery could have sought a ruling on the motion after the 45-day period had expired and before the motion to dismiss was granted, but he failed to do so. *Peterson v. Columbus Med. Center Foundation*, 243 Ga. App. 749, 752 (533 SE2d 749) (2000); *Labovitz v. Hopkinson*, 271 Ga. 330, 332-333 (519 SE2d 672) (1999). It was Lowery's duty to obtain a ruling on his motion to extend the period, and the failure to do so before the motion to dismiss was granted was a waiver of the motion. *Brake v. Mintz*, 193 Ga. App. 662, 663 (388 SE2d 715) (1989); *Cornelius v. Auto Analyst, Inc.*, 222 Ga. App. 759, 762-763 (476 SE2d 9) (1996); *Ware v. Fidelity Acceptance Corp.*, 225 Ga. App. 41, 42 (482 SE2d 536) (1997). Because Lowery filed the expert affidavit after the 45-day period for doing so had expired, and he did so without obtaining a ruling on his motion extending the period to file the affidavit, there is no basis for reversing the trial court's dismissal of the action for the reasons asserted by Lowery. *Cornelius*, 222 Ga. App. at 762-763; *Brake*, 193 Ga. App. at 663.

2. As noted in Division 1, supra, we assumed without deciding for the purposes of this appeal that Lowery was required to file an expert affidavit pursuant to OCGA § 9-11-9.1. We decline to grant Lowery's motion filed pursuant to Court of Appeals Rule 24 for permission to file a supplemental brief to provide for the first time argument and citation of authority in support of the position that OCGA § 9-11-9.1 did not require him to file an expert affidavit with the complaint in his medical malpractice action against Atlanta Heart. We do not address the issue of whether OCGA § 9-11-9.1 required an expert affidavit in a medical malpractice suit naming Atlanta Heart as the sole defendant (see *Minnix v. Dept. of Transp.*, 272 Ga. 566 (533 SE2d 75) (2000)) because this issue was not raised or ruled upon in the trial court. *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (573 SE2d 389) (2002); *Johnson v. First Union Nat. Bank*, 255 Ga. App. 819, 820-821 (567 SE2d 44) (2002).

> [O]ur appellate courts are courts for the correction of errors of law committed in the trial court. Routinely, this Court refuses to review issues not raised in the trial court. To consider the case on a completely different basis from that presented below would be contrary to the line of cases holding, "He must stand or fall upon the position taken in the trial court." Fairness to the trial court and to the parties demands that legal issues be asserted in the trial court.

(Punctuation and footnotes omitted.) *Pfeiffer*, 275 Ga. at 829. Although under the "right for any reason" rule this court will affirm the

correct ruling of a trial court on grounds not addressed below, we do not apply a "wrong for any reason" rule to reverse incorrect rulings on issues not raised or ruled upon in the trial court. *City of Gainesville v. Dodd*, 275 Ga. 834 (573 SE2d 369) (2002). Moreover, it would be unfair to force Atlanta Heart to respond to Lowery's belated argument and address this issue for the first time "within the narrow time frame of appellate practice rules." *Pfeiffer*, 275 Ga. at 829. Having taken the position throughout the entire course of this litigation that an expert affidavit was required under OCGA § 9-11-9.1, Lowery cannot raise the contrary argument for the first time on appeal. *Standard Guaranty Ins. Co. v. Bundrage*, 264 Ga. 632, 633 (452 SE2d 474) (1994). We recognize that in special circumstances an appellate court may exercise discretion to consider arguments raised for the first time on appeal, but we decline to do so in the present case. *Pfeiffer*, 275 Ga. at 829, n. 10; see *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F2d 355, 360-361 (11th Cir. 1984). We express no opinion as to whether Lowery's malpractice action was erroneously dismissed for reasons other than those asserted by Lowery in this appeal.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MARCH 19, 2004.

*Northcutt, Edwards & Feingold, Louis R. Feingold*, for appellant.

*Allen & Weathington, Paul E. Weathington, John D. Hocutt*, for appellee.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr.*, amicus curiae.