## A07A0870. CLARK ATLANTA UNIVERSITY, INC. v. WILLIAMS.
### (654 SE2d 402)

RUFFIN, Judge.

In this premises liability action, Walter Williams sued Clark Atlanta University, Inc. ("CAU") for injuries sustained when he was shot on property allegedly owned by CAU. The university moved for summary judgment, asserting it owed no duty to Williams. The trial court denied the motion, and we granted CAU's application for interlocutory appeal.[1] For reasons that follow, we affirm.

1. Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law.[2] On appeal, we review the trial court's summary judgment ruling de novo, construing the evidence and all reasonable inferences drawn from it in a light most favorable to the nonmovant.[3]

So construed, the evidence shows that at the time of the shooting, Williams was a student at Morris Brown College. Like CAU, Morris Brown is part of a consortium of six colleges and universities located within a geographic area known as the Atlanta University Center ("AUC"). The consortium schools collaborate in several ways, and the students intermingle. For example, students may cross-register in undergraduate courses and programs offered by the various schools. A shuttle transports students among the respective campuses and other areas within the AUC, such as the common library. Williams and other AUC students also shared a dormitory located on Beckwith Street that was owned by the Interdenominational Theological Center, a school within the consortium.

The day of the shooting, Williams attended a workshop for graduating seniors at the student center on the CAU campus. He stayed at the workshop for several hours, then ate at the CAU student center cafeteria, remaining for approximately one additional hour. At that point, he walked through the campus toward his dormitory and down a portion of Beckwith Street known as CAU's faculty row, where CAU owns several faculty houses that it leases to faculty members and other employees. Although CAU offered testimony that faculty row is not "on [its] campus," these properties are shown and identified on a CAU campus map.

En route to his dormitory, Williams stopped in front of a CAU faculty house located across the street from his dormitory to visit with friends. The faculty house was occupied at the time by a guest

---

[1] Williams also sued the Atlanta University Center, Inc., which successfully moved for summary judgment below. That summary judgment ruling is not at issue in this appeal.

[2] See *Barnes v. St. Stephen's Missionary Baptist Church*, 260 Ga. App. 765 (580 SE2d 587) (2003).

[3] See id. at 766.

professor, but CAU was paying the rent and cost of utilities for the house, and the professor had no written lease for the property. Williams sat on the faculty house lawn and socialized for approximately 45 minutes before two men appeared with guns. According to Williams, one of the men placed a gun against his chest, pushed him up the lawn toward the faculty house, and searched his pockets for money. Finding no money, the man shot Williams twice.

In moving for summary judgment, CAU focused on the duty owed to Williams. It argued that because Williams was on a public sidewalk adjacent to a public street at the time of the assault, it was not liable for his injuries. It further claimed that even if Williams was on CAU property when the shooting occurred, he was not a CAU invitee, and the university owed him no duty of ordinary care. According to CAU, therefore, it was not duty bound to protect Williams from the criminal act of a third party.[4]

Williams testified, however, that he was seated on the front lawn of a CAU faculty house when assaulted, raising a question of fact as to whether he was on the university's property. A jury question also remains as to whether CAU owed Williams a duty of ordinary care.

Under OCGA § 51-3-1, a landowner must exercise ordinary care in keeping its premises and approaches safe for invitees. "An invitee is someone whom a landowner, by express or implied invitation, induces or leads to come upon his premises for any lawful purpose."[5] That purpose must be mutually beneficial: "If the relationship is one of mutual interest to the parties, the injured party is an invitee of the owner."[6] As we have previously found, the relationship between a college or university and its students is one of mutual benefit, rendering students invitees.[7]

Although Williams was enrolled at Morris Brown, he was a student within the AUC and entered the CAU campus to attend an AUC student function. While attending that function — and while later eating at the CAU cafeteria — Williams undoubtedly was an invitee on the campus. The question, therefore, is whether he lost that status at some point before the shooting.

On appeal, CAU argues — and the dissent agrees — that Williams was no longer an invitee while visiting with friends on the

---

[4] See id. at 767 (1) ("Georgia decisions considering the liability of property owners for criminal acts by third parties uniformly limit their discussions to the claims of invitees.").

[5] *Howard v. The Gram Corp.*, 268 Ga. App. 466, 467 (602 SE2d 241) (2004). See also OCGA § 51-3-1.

[6] (Punctuation omitted.) *Walker v. Daniels*, 200 Ga. App. 150, 154 (1) (407 SE2d 70) (1991). See also *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874, 876 (2) (392 SE2d 535) (1990) (an invitee has " 'present business relations with the owner or occupier which would render his presence of mutual benefit to both' ").

[7] See *Walker*, supra at 154-155.

faculty house lawn. At the time, however, he was on his way to his dormitory from the CAU workshop. He had departed the main "interior" campus, but was on faculty row property owned by CAU, as shown on a map of the CAU campus, and intermixed with other CAU buildings.

A jury could find that Williams had not yet left the campus at the time of the assault. And although the faculty house where the assault occurred was occupied by a guest professor, CAU was paying the rent on the property, and the evidence does not demonstrate that, as a matter of law, Williams was in an area "off limits" to students.[8] Moreover, we cannot conclude that Williams necessarily lost his invitee status simply because he stopped to socialize for 45 minutes, a normal activity for college students.

Questions of fact remain as to whether Williams was an invitee of CAU when he was shot. Accordingly, the trial court properly denied CAU's motion for summary judgment on this basis.[9]

2. As noted above, CAU moved for summary judgment on the issue of duty, arguing that because Williams was not an invitee at the time of the shooting, it owed him no duty of ordinary care. The university raised this same argument on appeal, again asserting that it owed no duty to protect Williams. Despite this focus, the dissent argues that the trial court's ruling should be reversed because even if a duty of ordinary care existed, Williams failed to produce evidence that CAU breached the duty.

We disagree. This Court does not apply a "wrong for any reason" rule.[10] On the contrary, we must refrain from reversing a ruling on a ground not raised or considered below.[11] CAU *chose* to move for summary judgment only on the issue of duty. It could have challenged Williams's proof of breach, and, as the dissent suggests, such argument might have been successful. But it did not do so, and Williams was never on notice that he needed to address the issue or present evidence regarding breach at the summary judgment stage.

The dissent advocates granting summary judgment at the appellate level on an issue neither raised by the parties nor considered by the lower court. Such sua sponte action is not only fundamentally unfair, it undercuts our purpose — the correction of errors of law

---

[8] See *Shaw v. McDonald's Restaurants of Ga.*, 191 Ga. App. 583, 584 (1) (382 SE2d 632) (1989) (jury authorized to find that restaurant patron exceeded the scope of her invitation by venturing into an area of restaurant that was "off limits" to customers).

[9] See *Bishop, supra.*

[10] See *Designs Unlimited v. Rodriguez*, 267 Ga. App. 847, 847-848 (601 SE2d 381) (2004).

[11] See id.

committed by the trial court.[12] We cannot, and should not, resolve this case on the issue of breach; thus the judgment should be affirmed.

*Judgment affirmed. Smith, P. J., Phipps, Mikell and Bernes, JJ., concur. Johnson, P. J., and Blackburn, P. J., dissent.*

JOHNSON, Presiding Judge, dissenting.

Because I find that Williams was not an invitee of CAU at the time of the shooting, I must respectfully dissent. Clearly, Williams was an invitee while he attended a workshop and ate a snack at the CAU student center. And, clearly, Williams continued to be an invitee as he left the workshop and student center. However, Williams admits in his deposition that he walked back to his residence hall on another campus, but, instead of going inside the residence hall, he waited on the public sidewalk directly across from his residence hall to meet some friends. According to Williams, he sat on the front lawn of 642 Beckwith, a faculty house owned by CAU. Williams admits he did not know who lived at the property and had never attended any function at the property. And, there is no dispute that Williams was not invited onto the property and did not have permission to be on the property. The friends stood and sat socializing on the public sidewalk and lawn outside the CAU property for approximately 45 minutes prior to the assault at issue in this case. And, there is no question that the third-party criminal committed the assault while standing on the public sidewalk. Based on these facts, I believe that Williams had clearly exceeded the scope of his CAU invitation at the time and place of the assault.

Although the majority finds that CAU owed Williams a duty to exercise ordinary care in keeping the premises and approaches of 642 Beckwith safe, OCGA § 51-3-1 only requires a landowner to exercise ordinary care in keeping the premises and approaches safe where he "induces or leads others to come upon his premises." Here, Williams admits that he was not an invitee of 642 Beckwith. He merely stopped in front of this address to socialize with friends.

Moreover, even if we accept the majority's view that Williams was an invitee and that CAU owed him a duty to exercise ordinary care to keep its premises and approaches safe, Williams has failed to show that CAU breached its duty in this case. The street where the assault occurred is an open, public city street, and there is no evidence that CAU had any authority or right to control in any way who made use of the street. Here, the third party "shooter" had free access to the street and, unless and until he violated the law, CAU had no control

---

[12] See *Lowery v. Atlanta Heart Assoc.*, 266 Ga. App. 402, 404-405 (2) (597 SE2d 494) (2004); *Designs Unlimited*, supra at 847.

over the shooter's actions. The fact that a random act of violence by a third party occurred is not sufficient standing alone to show that CAU breached any duty it may have owed to Williams. In addition, the shooter was the sole proximate cause of Williams' injuries and damage, and such an act may have occurred even with the most reasonable safety precautions in place. Absent evidence showing that CAU breached any duty it owed to Williams, the trial court erred in denying CAU's motion for summary judgment.

I am authorized to state that Presiding Judge Blackburn joins in this dissent.

DECIDED NOVEMBER 1, 2007 — ▮▮▮▮▮▮▮▮▮▮▮

*Freeman, Mathis & Gary, Theodore Freeman, Donald J. Grate,* for appellant.
*Gregory B. McMenamy, Jr.,* for appellee.