# Court of Appeals
# of the State of Georgia

ATLANTA,  December 08, 2025

*The Court of Appeals hereby passes the following order:*

**A26A0089. ROBIN R. MCGINNIS v. AMANDA O'NEAL NEISENT et al.**

Amanda O'Neal Neisent and Kelly O'Neal Savage (the "co-administrators"), the children of James Michael O'Neal and co-administrators of his estate, filed this declaratory judgment action against O'Neal's ex-wife, Robin McGinnis. The co-administrators later filed a motion for summary judgment, which the trial court granted on June 25, 2025.

On July 24, 2025, McGinnis filed in the superior court a "Petition for Discretionary Appeal," which is the basis for this appeal, reasoning that if this Court determined that the case involved domestic relations, it was necessary to file an application for discretionary appeal.[1] The co-administrators have filed a motion to dismiss, arguing that this Court lacks jurisdiction because McGinnis failed to comply with the discretionary appeal procedures. We agree.

As we determined in Case No. A26A0045, this matter involves domestic relations; thus, an application for discretionary appeal was required. See OCGA § 5-6-35 (a)(2). OCGA § 5-6-35 (d) requires an application for discretionary appeal to be filed with the clerk of the Court of Appeals — not the superior court — within 30 days of the entry of the order, decision, or judgment sought to be appealed. The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App.

---

[1] McGinnis also filed a notice of appeal on July 24, 2025; this Court also dismissed that case for lack of jurisdiction. See *McGinnis v. O'Neal Neisent et al.*, Case No. A26A0045 (Aug. 18, 2025).

734, 734 (380 SE2d 57) (1989). In this case, McGinnis did not file her "Petition for Discretionary Appeal" with this Court, instead she filed it in the superior court. This filing in the superior court did not constitute an application for discretionary review and therefore did not comply with OCGA § 5-6-35.[2] McGinnis's failure to follow the proper procedure deprives us of jurisdiction over this appeal.

Accordingly, we GRANT the co–administrators' motion to dismiss and DISMISS this appeal.



Court of Appeals of the State of Georgia

*Clerk's Office,*

Atlanta,____12/08/2025_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.

---

[2] Even if we could construe the filing as a discretionary application, it was not timely, as it was not docketed until July 31, 2025 — 36 days after the trial court's entry of the order.