## 77183. ADAMS v. SERVPRO OF MACON, INC.
### (375 SE2d 894)

BENHAM, Judge.

The dispositive issue in this case is whether the circumstantial evidence offered by appellant in opposition to appellee's motion for summary judgment can withstand the effect of appellee's agent's positive and uncontradicted testimony. Holding that it cannot, we affirm.

Appellant hired appellee to clean the rugs in his offices. An agent of appellee's was given a key so that he could clean the rugs during non-duty hours. The building had five exterior doors, each of which was equipped with a deadbolt; every deadbolt could be opened with the same key. The agent testified that he cleaned the rugs on Saturday evening; that when he left, he locked behind him the only door he had opened; and that he tested the door by leaning his shoulder against it. The building was damaged later that night by a fire which fire department officials declared to be the product of arson. A front door and a back door were found to be unlocked. The fire department concluded that there was no evidence to connect appellee's agent with the fire. Appellant's theory of the origin of the fire is that appellee's agent negligently failed to lock the doors and that arsonists entered later because of that negligence and started a fire. Based on that theory, appellant sued appellee. This appeal is from the grant of summary judgment to appellee.

In support of its motion for summary judgment, appellee offered the deposition testimony of its agent that he only unlocked one door and that he locked it when he left. In opposition to the motion, appellant relied on circumstantial evidence that it was appellee's agent who left the door unlocked: appellee's agent was the last person with a key known to be in the building, there were discrepancies in appellee's agent's accounts to various persons of his activities while in the building, and the doors were unlocked when the fire department arrived.

" 'In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists.' [Cits.] 'When uncontradicted and unimpeached evidence is produced as to the real facts, the inference disappears, and does not create a conflict in the evidence so as to require its submission to a jury.' " *Helms v. Young*, 130 Ga. App. 344, 348 (203 SE2d 253) (1973).

Although there is an exception to that rule when the circumstantial evidence is inconsistent with the direct evidence (*Fletcher Emerson &c. Co. v. Davis*, 134 Ga. App. 699 (4) (215 SE2d 725) (1975)), that is not the situation in this case. The circumstantial evidence on which appellant relies is consistent with the agent's testimony that he locked the door. Since none of the discrepancies in the agent's state-

ments concerned material issues, the agent's testimony cannot be considered to be impeached (*Collier v. Sinkoe*, 135 Ga. App. 732 (6) (218 SE2d 910) (1975)), and remains uncontradicted. Under the authority cited above, the trial court did not err in granting appellee's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED DECEMBER 2, 1988.

John E. James & Associates, Kathryn M. Weigand, for appellant.

Martin, Snow, Grant & Napier, Cubbedge Snow III, Phillip A. Sibley, for appellee.