## A91A2265. GABEL v. REVELS et al.
### (416 SE2d 103)

BEASLEY, Judge.

Revels sued Gabel in magistrate court, seeking damages for defendant's having wilfully trespassed onto their property and cut down trees. Defendant responded that the trees were on his property and counterclaimed for the cost of obtaining a property survey needed to defeat plaintiffs' claim. The magistrate court entered judgment in favor of defendant on plaintiffs' claim and in favor of plaintiffs on defendant's counterclaim.

Plaintiffs appealed to state court, which transferred the case to superior court as a companion to another case plaintiffs had filed against defendant there. On April 24, 1991, the superior court entered

a "final order" in the consolidated actions, decreeing that the common boundaries be fixed as according to a court-ordered survey. It dismissed all remaining claims of the parties against each other by reason of a settlement.

On July 9, plaintiffs moved to re-open these cases on the ground that they had not in fact agreed to settle their claim for damages. Defendant replied that at the hearing on the consolidated actions, the court stated that the parties had settled plaintiffs' claim for damages, and that plaintiffs' counsel responded affirmatively. Nonetheless, defendant appeals from the grant of the motion.

The legislative intent of enacting OCGA § 9-11-60 was "to make a comprehensive determination of procedures for the attacks on judgments." *Payne v. Shelnutt*, 126 Ga. App. 598, 599 (191 SE2d 487) (1972). In 1986, the legislature reduced the three methods for direct attack which existed at the time of *Payne* to two, eliminating the availability of a complaint in equity for this purpose. Ga. L. 1986, p. 294, § 1.

Plaintiffs' motion to re-open, based upon the failure to adjudicate a material issue, is in essence a motion for new trial under OCGA § 9-11-60 (c), which must be based upon an intrinsic defect not appearing upon the face of the record or pleadings. See *West v. West*, 200 Ga. 115 (2) (35 SE2d 914) (1945); former Code Ann. § 110-703. Plaintiffs' waiver of their damage claim does appear on the face of the record. Moreover, motions for new trial must be brought within 30 days of the entry of the judgment. OCGA §§ 9-11-60 (f); 5-5-40 (a). Plaintiffs' motion was too late.

Since the motion to re-open was filed and acted upon after expiration of the term of court at which the final judgment was rendered, the trial court no longer had inherent authority over a case within the breast of the court. See *Pekor v. Clark*, 236 Ga. 457, 458 (1) (224 SE2d 30) (1976). Plaintiffs were not seeking to set aside the judgment under OCGA § 9-11-60 (g) on the ground that counsel was not notified of the court's entry of the judgment. See *Cambron v. Canal Ins. Co.*, 246 Ga. 147 (1) (269 SE2d 426) (1980).

The next argument advanced in support of the order is that the trial court had discretion to act on the motion to re-open under OCGA § 9-11-6 (c). It provides: "The period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the continued existence or expiration of a term of court, except as otherwise specifically provided by law. The continued existence or expiration of a term of court in no way affects the power of a court to do any act or take any proceeding in any civil action which has been pending before it, except as otherwise specifically provided by law." See also OCGA § 9-11-6 (b); *Jones v. Howard*, 153 Ga. App. 137, 140 (1) (264 SE2d 587) (1980). However, it is specifically pro-

vided by law that a motion seeking the relief sought by plaintiffs must be filed within 30 days of entry of the judgment, and at the time the court acted on that motion the case was no longer pending. OCGA § 9-11-6 (c) is inapplicable.

*Judgment reversed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED FEBRUARY 10, 1992 —
RECONSIDERATION DENIED MARCH 2, 1992.

*W. Clinton Rhodes*, for appellant.
*Jordan & Jordan, H. Rhodes Jordan*, for appellees.