## A00A1336. DIAL v. NATALIZI.
(539 SE2d 617)

JOHNSON, Chief Judge.

This appeal arises out of a car accident which occurred when Virginia Dial drove her pickup truck into the rear of a minivan driven by Marco Natalizi. Natalizi's van had stopped in a travel lane on I-85 a few minutes earlier. Dial sued Natalizi alleging he was negligent in stopping his van on the highway. Natalizi countered that the van had suddenly become disabled and could not be moved out of the travel lanes. The trial court granted summary judgment to Natalizi. Dial appeals, contending genuine issues of material fact remain regarding whether the van Natalizi drove was actually disabled and whether Natalizi could have moved the van out of the travel lanes and prevented the accident. We agree with Dial that genuine issues of material fact exist and reverse the grant of summary judgment.

The evidence shows that on September 10, 1996, Natalizi arrived at Atlanta Hartsfield International Airport from Italy. It was his first time visiting Atlanta, and he spoke no English. He rented a 1996 minivan with an automatic transmission, though he had never driven a car with an automatic transmission before. Natalizi drove the van onto I-85 southbound en route to his hotel. It was 6:15 in the evening and still light outside. Traffic was heavy, but moving at about the speed limit.

According to Natalizi, he was traveling in the right-hand lane of the two-lane highway when, without warning, the minivan's engine stalled. He was unable to maneuver the van out of the travel lane because of the engine failure, steering problems, and the fact that cars were passing him on both sides; some cars were moving into the left lane and others were traveling through a triangular "gore" area located between the right travel lane and an off-ramp. The van rolled forward before coming to a complete stop in the right lane. Natalizi testified that he kept trying to restart the van, but it would not start. He and his passengers stayed in the van. Several cars went around

the van by moving into either the left lane or the gore area. Within minutes, Dial's truck crashed into the van from the rear. Dial had been watching the traffic in front of her, but did not see the van before colliding with it.

Although it is unlawful for a driver to stop a vehicle on a controlled-access highway, an exception is made where a vehicle is disabled and it is impossible for the driver to avoid stopping and temporarily leaving the disabled vehicle in the roadway.[1] Natalizi claims that the situation in this case comes within the exception.

In support of his motion for summary judgment, Natalizi pointed to his testimony that the van stopped running and could not be restarted, and his testimony that he could not maneuver the van off the highway because of traffic, engine failure, and steering difficulty. He also pointed to testimony from one of his passengers that the engine suddenly "stopped operating" and that Natalizi's attempts to restart it were unsuccessful.

In opposition to the motion, Dial presented testimony from a police officer that when he arrived on the scene, the van was running and had a full tank of gas, was restarted without any problem by the tow truck driver, and was restarted on the first try hours later at the impound lot. The officer added that there was no physical evidence indicating that Natalizi had attempted to move the car out of the roadway into the adjacent gore area. Another police officer testified that the van was running moments after the accident and that it was driven onto the tow truck. The officer testified that, based on his investigation, the van was not incapable of being driven into the gore area under its own power.

Dial also presented a mechanic's testimony that his examination of the van after the accident revealed no mechanical problems which would have caused the vehicle to stop suddenly. He was able to start the van on the first attempt. In his opinion, the only reason an engine may stop in the absence of a mechanical problem is if the driver turns the ignition off.

Dial also presented the testimony of an engineer who examined the van for the rental car company. The engineer found no evidence of a malfunction or defect, and, in his opinion, there was no evidence to support a claim that the engine failed. He stated that a vehicle might stop unexpectedly because it runs out of gas, runs into something, the driver does something wrong, or there is a vehicle problem. Based on his inspection of the van, he was able to rule out the possibility of a mechanical problem.

Dial also relied upon a statement Natalizi made to police at the

---

[1] OCGA §§ 40-6-203 (a) (1) (I); 40-6-204.

scene, through an interpreter, that they were traveling in the wrong direction and were attempting "to get back to the way they were supposed to be going." Dial says that from the evidence, it can be inferred that Natalizi, who was driving in the United States for the first time, was lost and stopped the van in order to figure out where they needed to go.

On motion for summary judgment, a finding of fact that may be inferred from, but is not demanded by, circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists, provided that the circumstantial evidence may be construed consistently with the direct evidence.[2] Summary judgment is improper when circumstantial evidence is inconsistent with the direct evidence; in such a case, a jury question is created.[3]

In this case, the circumstantial evidence was inconsistent with the direct evidence. The direct evidence, namely, the testimony from the van's driver and passenger, showed that the minivan's engine stopped running and that the van could not be moved out of the travel lane. The circumstantial evidence, on the other hand, showed that the van was running at the accident scene, the van was easily restarted after the accident, two investigations revealed no mechanical problems with the engine, the engine may have stopped running because the driver turned the car off, the driver was lost and trying to figure out where to go, the driver had never driven a car with an automatic transmission, and there was no physical evidence indicating that the driver attempted to move the van into the gore area.

Because the circumstantial evidence cannot be construed consistently with the direct evidence as to whether the van was stopped in the travel lane due to mechanical problems or due to driver error, a jury question was created. Indeed, by judging the credibility of the witnesses, a jury could conclude that the inconsistent circumstantial evidence is sufficient to disprove the direct evidence submitted by Natalizi.

In view of the posture of the evidence in this case, the trial court erred in granting summary judgment to Natalizi.[4]

Contrary to Natalizi's contention, the decisions in *Brown v. Shiver*[5] and *McCubbin v. Bryant*[6] do not require a different result. In both cases this Court upheld summary judgment for a defendant who was forced to abandon a disabled vehicle in the roadway. But in

---

[2] *Copeland v. Houston County Hosp. Auth.*, 215 Ga. App. 207, 208 (450 SE2d 235) (1994).

[3] Id.; see *English v. Crenshaw Supply Co.*, 193 Ga. App. 354, 360-361 (3) (387 SE2d 628) (1989).

[4] See generally *Young v. Kitchens*, 228 Ga. App. 870, 874 (3) (492 SE2d 898) (1997).

[5] 183 Ga. App. 207 (1) (358 SE2d 862) (1987).

[6] 197 Ga. App. 874 (399 SE2d 746) (1990).

neither of those cases did the plaintiff contend or show that the stopped vehicle was not disabled or that the driver could have moved the vehicle out of the roadway. Here, the plaintiff presented such evidence.

Accordingly, the trial court's grant of summary judgment to Natalizi must be reversed.[7]

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 22, 2000 —

*Reynolds & McArthur, Charles M. Cork III, David T. Markle, Edgar L. Crossett III,* for appellant.
*Arrington & Hollowell, Gary W. Diamond,* for appellee.

