A02A1366. JOHNSON et al. v. FIRST UNION NATIONAL BANK et al.

(567 SE2d 44)

JOHNSON, Presiding Judge.

Jackie and Adlisa Johnson appeal the entry of summary judgment against them in a case alleging trover and conversion. The Johnsons sued First Union National Bank ("First Union") and Associates Recovery, Inc. ("Associates Recovery") after their 1989 Isuzu Trooper was repossessed pursuant to their automobile loan with First Union. The trial court awarded summary judgment to both First Union and Associates Recovery. The Johnsons allege the trial court erred in (1) granting summary judgment for the repeated, late, irregular payments that were subsequently accepted by First Union; (2) not properly considering the fact that Associates Recovery was an agent of First Union; (3) allowing one sworn statement to take precedent over another sworn statement; (4) failing to properly consider personal belongings left in the automobile and taken by Associates Recovery's employees during the repossession; (5) failing to consider that First Union breached the contract when it refused to accept the Johnsons' last payment; and (6) failing to consider punitive damages for the wrongful repossession. Because each of these enumerations of error lacks merit, we affirm the trial court's grant of summary judgment to First Union and Associates Recovery.

The record shows that on July 12, 1995, the Johnsons jointly executed a promissory note in favor of First Union for the financing of the vehicle. The Johnsons admitted that they agreed to abide by the terms of the promissory note and that they read the promissory note before signing it. The promissory note provided in relevant part as follows: to purchase the vehicle, the Johnsons financed a principal amount of $18,206.50 at an interest rate of 9.7 percent (annual percentage rate of 10.07 percent), initially for a term of 48 months. The first payment of $464.14 was due on August 20, 1995, and subsequent payments were due on the twentieth of each month. To secure the payment of the amounts due under the promissory note, the Johnsons granted First Union a security interest in certain collateral, including the vehicle.

The promissory note further provided that if First Union received a payment fifteen days or more after the due date, then the Johnsons agreed to pay a late charge of five percent of their payment, or $23.20. However, the promissory note contained a no-waiver provi-

sion which expressly stated that acceptance of late payments by First Union in no way waived any of First Union's rights under the promissory note. The promissory note also provided that failure "to make any payment or comply with any of the terms of [the agreement]" constitutes an event of default. And that, upon any event of default, First Union has the right to "declare the entire unpaid debt immediately due and payable without giving [the borrowers] any advance notice" and that First Union's remedies for default include "immediate possession of the collateral, without notice or resort to legal process." The Johnsons acknowledge that they never gained title to the vehicle and that First Union never released its lien or its security interest in the vehicle.

The Johnsons admitted that they were late on several of their payments under the promissory note and that they were late on payments at the time the vehicle was repossessed. They admitted that they missed several payments. The Johnsons also acknowledged that First Union's summary which reflected their late and missed payments was correct. According to this history, the Johnsons made only forty-seven out of fifty-one payments, they were fifteen days delinquent twenty-six times, they were thirty days delinquent eighteen times, and they were over ninety days delinquent five times.

The Johnsons admitted that First Union never failed to apply any of their payments to their loan. And, they admitted they owed First Union money at the time the vehicle was repossessed. The undisputed evidence shows that the Johnsons were three payments behind schedule at the time of the repossession.

On March 22, 2000, Associates Recovery repossessed the vehicle. The Johnsons admit they have no evidence to suggest that First Union controlled the manner or method by which Associates Recovery repossessed the vehicle. In fact, the president of Associates Recovery testified that First Union does not control the time, manner, or method of how Associates Recovery repossesses vehicles. The agreement between First Union and Associates Recovery provides that Associates Recovery "shall render the Services in its capacity as an independent contractor of First Union."

1. The Johnsons contend that the trial court erred in granting summary judgment to First Union because First Union's acceptance of late and irregular payments waived First Union's right to repossess the vehicle. We need not reach the merits of this claim. The Johnsons failed to raise this argument before the trial court, and it is well established that issues presented for the first time on appeal furnish nothing for us to review.[1] "One may not abandon an issue in

---

[1] *Assn. Svcs. v. Smith*, 249 Ga. App. 629, 632 (1) (549 SE2d 454) (2001).

the trial court and on appeal raise questions or issues neither raised nor ruled on by the trial court."[2]

Moreover, the Johnsons' failure to include in the record on appeal the transcript from the hearing on the motions for summary judgment is fatal to their contention. "A party alleging error carries the burden of showing it affirmatively by the record, and when that burden is not met, the judgment is assumed to be correct and will be affirmed."[3]

2. The Johnsons next contend the trial court erred in granting summary judgment to First Union because Associates Recovery is an agent of First Union. First of all, the record shows that the trial court did not need to reach the question of agency because the Johnsons did not meet their burden to show that Associates Recovery committed a breach of the peace while repossessing the vehicle. However, even if the trial court had found there was a question of fact on the issue of breach of the peace, summary judgment for First Union would still be appropriate because the undisputed evidence shows that Associates Recovery is not an agent of First Union.

The president and owner of Associates Recovery testified that First Union has no control over the time, manner, or method of Associates Recovery's work, nor over any employees or drivers for Associates Recovery. Further, the service agreement between First Union and Associates Recovery establishes that Associates Recovery undertook the repossession of the vehicle as an independent contractor and that in no way did First Union control the manner or method by which Associates Recovery effected the repossession. The record contains no evidence to the contrary.[4] Contrary to the Johnsons' contention, a credit report evidencing the right to repossess sent from the creditor to its independent contractor does not prove that First Union controlled the manner or method of Associates Recovery's actions. This enumeration of error lacks merit.

3. According to the Johnsons, the trial court erred in granting First Union's and Associates Recovery's motions for summary judgment "by allowing one sworn statement to take precedence over another sworn statement relevant to the facts." Specifically, the Johnsons argue that the trial court disregarded their sworn statements and deposition testimony that the vehicle was kept behind a locked gate when ruling that Associates Recovery did not breach the peace. We find no error.

---

[2] (Citations and punctuation omitted.) Id.

[3] (Punctuation and footnote omitted.) *Brown v. Liberty County*, 247 Ga. App. 562, 565 (544 SE2d 738) (2001).

[4] See *Dietrich v. Trust Co. Bank &c.*, 179 Ga. App. 330, 331 (346 SE2d 107) (1986) (physical precedent only).

Under Georgia law, a secured party, through its agents, has a right to enter premises peacefully and at any time to obtain its property.[5] The absence of the debtor's knowledge or consent does not constitute a breach of the peace unless abusive and insulting language which incites violence is used or some other violation of the public peace, order, or decorum occurs.[6] Here, Jackie Johnson was not at home when Associates Recovery repossessed the vehicle, and Adlisa Johnson was sleeping. The Johnsons admit that they did not witness the repossession. Accordingly, there were no oral threats or abusive language used at the time of the repossession.

Rather, the Johnsons claim that the repossession was unlawful because, according to them, Associates Recovery cut and stole the chain and padlock they claim was blocking the entrance to their driveway. They argue that this action constitutes a breach of the peace. Even assuming that such conduct does constitute a breach of the peace in Georgia, the Johnsons have failed to support this claim.

The only competent evidence supporting the Johnsons' claim that their driveway was blocked by a chain and padlock when the vehicle was repossessed is Jackie Johnson's testimony that he locked the chain and padlock when he left for work that evening and affidavits stating that the Johnsons usually had a chain-guard across their driveway. However, this circumstantial evidence was directly controverted by the Associates Recovery employee's testimony that there was not a chain or padlock across the driveway when he arrived to repossess the vehicle. According to this employee, the driveway was not blocked, and he did not cut or steal a chain or padlock when he repossessed the vehicle.

The Johnsons' circumstantial evidence that the chain and padlock were locked at the time of the repossession because Jackie Johnson locked them when he left for work earlier in the evening is insufficient on summary judgment to create a question of material fact against Associates Recovery's direct evidence that there was no chain or padlock across the driveway at the time of the repossession.[7]

> Where direct and positive testimony is presented on an issue, the opposing party must show some other fact which contradicts the testimony. If this other fact is direct evidence, that is sufficient to allow the case to go to the jury; if the other fact is circumstantial evidence, it must be inconsistent with the defendant's evidence, or if consistent, it

---

[5] See OCGA § 11-9-503.

[6] *Hill v. Fed. Employees Credit Union*, 193 Ga. App. 44, 48 (3) (a) (386 SE2d 874) (1989).

[7] See *Adams v. Servpro of Macon*, 189 Ga. App. 438 (375 SE2d 894) (1988).

must demand a finding of fact on the issue in favor of the plaintiff.[8]

Because a finding that a chain and padlock were present at the time of the repossession could be inferred from, but is not demanded by, the Johnsons' circumstantial evidence, that evidence has no probative value against positive and uncontradicted evidence that the chain and padlock were not present at the time of the repossession.[9] The trial court correctly weighed the sworn testimony and properly granted summary judgment to First Union and Associates Recovery on this issue.

4. The Johnsons contend the trial court erred in granting summary judgment to First Union and Associates Recovery on their conversion claim. We find no error.

In their one-paragraph argument and citation of authority, the Johnsons recite the elements of a conversion claim: the complaining party must show (1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property.[10] However, the record clearly shows that the Johnsons failed to prove these elements. They have failed to provide any evidence showing that First Union or Associates Recovery possesses any of the Johnsons' personal items. In addition, Jackie Johnson admitted in his deposition that other than a few telephone calls, he never demanded the return of any personal belongings alleged to have been in the vehicle when it was repossessed. And, there is no evidence that First Union or Associates Recovery refused to return any personal items to the Johnsons. This enumeration of error lacks merit.

5. According to the Johnsons, First Union breached the promissory note when it refused to accept the Johnsons' monthly payment. However, the record shows that First Union already had repossessed the vehicle at the time the Johnsons tendered their monthly payment. Moreover, this monthly payment did not constitute a payoff of the entire amount the Johnsons owed under the promissory note. And, the attempted tender of a payment was made at a bank branch, not at the address stated in correspondence, which the Johnsons admit they received, as the address to which payments were to be made. The Johnsons' argument lacks merit.

6. In their final enumeration of error, the Johnsons contend the trial court erred in failing to consider punitive damages for the

---

[8] (Citations omitted.) *Birnbrey, Minsk & Minsk v. Yirga*, 244 Ga. App. 726, 728 (1) (535 SE2d 792) (2000).

[9] See *Dial v. Natalizi*, 246 Ga. App. 97, 99 (539 SE2d 617) (2000).

[10] See *Hooks v. Cobb Center Pawn &c.*, 241 Ga. App. 305, 308 (5) (527 SE2d 566) (1999).

wrongful repossession. However, as we found in Divisions 1 through 5, the Johnsons failed to support any claim against First Union and Associates Recovery, much less a claim for punitive damages. Punitive damages are available only when a plaintiff has demonstrated through clear and convincing evidence that the defendant's conduct showed "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."[11] Bare conclusions and contentions unsupported by an evidentiary basis in fact are insufficient to oppose a motion for summary judgment.[12] Here, the Johnsons failed to produce any evidence that First Union or Associates Recovery behaved maliciously or with conscious indifference to the consequences in repossessing the vehicle.[13] The trial court correctly granted summary judgment on this issue.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED JUNE 13, 2002 — ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Jackie Johnson, *pro se.*
Adlisa W. Johnson, *pro se.*
*Troutman Sanders, Michael E. Johnson, Samantha M. Rein, Hicks, Casey & Barber, William T. Casey, Jr., Lisa K. Whitfield,* for appellees.

---

[11] OCGA § 51-12-5.1 (b).

[12] *Mimick Motor Co. v. Moore*, 248 Ga. App. 297, 299 (1) (b) (546 SE2d 533) (2001).

[13] See *Hillman v. Gen. Motors Acceptance Corp.*, 210 Ga. App. 837, 839 (437 SE2d 803) (1993).