A09A0014. FUTCH v. LOWNDES COUNTY.
A09A0201. FUTCH v. VALDOSTA-LOWNDES COUNTY
INDUSTRIAL AUTHORITY.
(676 SE2d 892)

PHIPPS, Judge.

Ben Futch bought a tract of land in an industrial park from the Valdosta-Lowndes County Industrial Authority. Futch claims that

after he constructed a manufacturing facility on the land, a Lowndes County drainage ditch abutting the property began to cause recurrent flooding of the property following heavy rains. As a result, Futch brought this suit against Lowndes County and the Industrial Authority on theories including fraud, negligent misrepresentation, and nuisance.

The Industrial Authority filed a motion for summary judgment. Lowndes County moved alternatively for summary judgment or a dismissal. The superior court granted both the Industrial Authority's and the county's motions. In Case No. A09A0014, Futch appeals the grant of the county's motion. In Case No. A09A0201, he appeals the grant of the Industrial Authority's motion. For reasons that follow, we reverse the grant of the county's motion and affirm the grant of the Industrial Authority's motion.

> To prevail at summary judgment, . . . the moving party [has] the burden to demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the nonmovant's favor, warrant judgment as a matter of law. In reviewing the trial court's grant of summary judgment . . . , we must construe the evidence most favorably to [the nonmovant], and we must give [the nonmovant] the benefit of all reasonable doubts and possible inferences. And, where, as here, the moving party . . . is the defendant, it need only show an absence of evidence to support an essential element of [the plaintiff's] case to prevail on summary judgment.[1]

It is undisputed that Futch purchased the tract from the Industrial Authority in 2001; that he bought the land for the express purpose of constructing a building in which to manufacture portable outdoor grills; and that the county owns, operates, and maintains a drainage ditch abutting the property.

Futch presented evidence that prior to constructing the building, he and his drainage engineer, Ben DeVane, were assured by the county engineer, Charles Clark, that the county would lower the elevation of the ditch so that it would properly drain the property. DeVane testified that he designed a drainage plan for the property based on the county's assurances.

It appears, without dispute, that after Futch constructed the building, the property flooded about six times after heavy rains. Clark admitted that at least some of the standing water on Futch's

---

[1] *Legacy Investment Group v. Kenn*, 279 Ga. 778, 780 (1) (621 SE2d 453) (2005) (punctuation and footnotes omitted).

property could have come from the adjacent county road, Peterson Road, because of inadequate drainage provided by the ditch.

Other evidence showed, again without dispute, that after Futch bought the property the county began lowering the ditch, as promised, but discontinued those efforts because of danger that the underlying sanitary sewer line would rupture without adequate cover. Clark acknowledged that the drainage problem could be solved by relocating the sewer line and making additional excavations to the ditch, although that would cost the county additional money.

It also appears without dispute that the sewer line was installed by the county underneath the ditch in 1998 to enable the county to upgrade facilities in a recreational complex in another area of the county. Because the Industrial Authority owns the property through which the ditch runs, the county required the Industrial Authority to grant the county an easement so that the county could install the sewer line, and the county also required the Industrial Authority to assist in funding the installation costs because of the potential benefit of the sewer line to the Industrial Authority as a result of the line's proximity to the industrial park.

1. Futch argues that Lowndes County was not entitled to an award of summary judgment on his fraud claim, because a jury could find that the county intentionally deceived him in misrepresenting that the ditch would be lowered.

> To succeed on a claim for fraud, the plaintiff must show that the defendant made a false, material representation of an existing fact with knowledge that it was false or with reckless disregard as to whether it was true and that it was with the intent that it be acted upon by the plaintiff; and, further, that the plaintiff acted upon the misrepresentation in reasonable reliance of its truth in a manner reasonably foreseeable by the defendant and to the plaintiff's proximate injury.[2]

"[T]he general rule is that actionable fraud cannot be predicated upon promises to perform some act in the future. Nor does actionable fraud result from a mere failure to perform promises made. Otherwise any breach of a contract would amount to fraud."[3] "However, an exception to the general rule exists where a promise as to future events is made with a present intent not to perform or where the promisor knows that the future event will not take

---

[2] *Perry v. Perry*, 285 Ga. App. 892, 894 (2) (648 SE2d 193) (2007) (citation omitted).

[3] *J. Kinson Cook of Ga. v. Heery/Mitchell*, 284 Ga. App. 552, 558 (644 SE2d 440) (2007) (citation and punctuation omitted).

place."[4]

Here it is undisputed that the county attempted to re-grade the ditch but abandoned the project after excavations to the ditch came too close to the sewer line. There is no evidence from which a jury could find that the county's promise to re-grade the ditch was made with a present intent not to perform or with actual knowledge that the required excavations to the ditch would become impeded by the sewer line. Consequently, the county was entitled to summary judgment on Futch's claim of fraud.

2. Futch complains of the superior court's award of summary judgment to Lowndes County on his nuisance claim.

In support of the superior court's ruling, Lowndes County relies on the holding in *Ingram v. Baldwin County*[5] that

[t]he whole idea of nuisance is that of either a continuous or regularly repetitious act or condition which causes the hurt, inconvenience or injury. A single isolated occurrence or act, which if regularly repeated would constitute a nuisance, is not a nuisance until it is regularly repeated.[6]

Lowndes County argues that the evidence does not show that Futch's property floods on a regularly repetitive basis. We cannot agree. *Ingram*, itself, found sufficient evidence of a nuisance from two separate overflows of raw sewage into plaintiff's home from the county's sewer line after the county had been given notice of overflow from the line onto another property. Subsequent cases have followed *Ingram*'s application of the rule in that manner.[7] Futch submitted evidence that the property floods with each heavy rain. Unquestionably, that is sufficiently repetitive to constitute a nuisance.[8] Therefore, the superior court erred in awarding summary judgment to Lowndes County on Futch's claim of nuisance.

3. Futch charges the Industrial Authority with fraud for having sold him a tract of land in an industrial park zoned for heavy manufacturing knowing that the land was not suitable for that purpose.

As evidence of the Industrial Authority's knowledge, Futch relies on an acknowledgment by the former Director of the Industrial Authority that by looking at the property one can see that it has a

---

[4] Id. at 559 (citation and punctuation omitted).

[5] 149 Ga. App. 422 (254 SE2d 429) (1979).

[6] Id. at 423 (citation, punctuation and emphasis omitted).

[7] See *City of Atlanta v. Hofrichter/Stiakakis*, 291 Ga. App. 883 (1) (663 SE2d 379) (2008).

[8] See *City of Columbus v. Barngrover*, 250 Ga. App. 589, 590-594 (1), (2) (552 SE2d 536) (2001).

312

"bowl configuration," i.e., that it could potentially have drainage problems, and that the property "had been limited in its development." The configuration of the property was, however, as observable to Futch and his engineer as to the Industrial Authority.

> When the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means he will not be heard to say, in impeachment of the contract of sale, that he was deceived by the vendor's representations.[9]

And, according to the former director, the property had been limited in its development only because of the prior absence of water and sewer services. The Industrial Authority presented undisputed evidence that it made no representations to Futch regarding drainage of the property[10] and that, until Futch purchased the property, owners of other property in the industrial park had not reported any drainage problems. Nor is there evidence of any flooding of Futch's property prior to his acquisition and development of it. The Industrial Authority was entitled to summary judgment on Futch's claim of fraud.

4. Futch charges the Industrial Authority with negligent misrepresentation in having failed to inspect the land and make its own determination whether it was suited for industrial park purposes.

The essential elements of a claim of negligent misrepresentation are, however, "(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance."[11] Therefore, a failure to obtain and supply information does not state a claim for negligent misrepresentation. Moreover, Futch had the ability to inspect and test the land, and to make his own determination as to its suitability for placement of his manufacturing facility. The Industrial Authority was thus entitled to summary judgment on his claim of negligent misrepresentation.

5. Futch claims that the Industrial Authority is jointly liable with the county for creating and maintaining the nuisance.

---

[9] *Hicks v. Sumter Bank & Trust Co.*, 269 Ga. App. 524, 527 (1), n. 7 (604 SE2d 594) (2004) (citation and punctuation omitted).

[10] Compare *Fielder v. Rice Constr. Co.*, 239 Ga. App. 362, 364 (1) (522 SE2d 13) (1999) (county health department approved lot for septic tank use knowing probable unsuitability of property for such use).

[11] *Hardaway Co. v. Parsons, Brinckerhoff, Quade & Douglas, Inc.*, 267 Ga. 424, 426 (1) (479 SE2d 727) (1997) (footnote omitted).

Any nuisance, however, has been created by the inadequate drainage provided by the roadside ditch. It is undisputed that, by virtue of its easement rights, the county owns and maintains both the ditch and the underlying sewer line, and that the decision to place the sewer line underneath the ditch was made by the county. The Industrial Authority exercised no control over any nuisance-creating instrumentality at any time during Futch's ownership of his property. Therefore, the Industrial Authority was entitled to summary judgment on Futch's nuisance claim.

*Judgment affirmed in Case No. A09A0201. Judgment reversed in Case No. A09A0014. Smith, P. J., and Bernes, J., concur.*

DECIDED APRIL 3, 2009.

*John G. Edwards*, for appellant.

*Elliott, Blackburn, Barnes & Gooding, James L. Elliott*, for appellee (case no. A09A0014).

*Young, Thagard, Hoffman, Smith & Lawrence, Daniel C. Hoffman*, for appellee (case no. A09A0201).

